MATTER OF CHUKUMERIJE

In Deportation Proceedings

A-20025510

*Decided by Board November 26, 1975*

1) The United States is not compelled to honor the finding of the delegation in Belgium of the United Nations High Commissioner for Refugees, made in 1969, that respondent, a stateless native of Biafra, Nigeria, is a refugee, since the United Nations Convention does not provide that a person considered a refugee in one contracting nation must, for that reason, also be considered a refugee in the other contracting nations.

2) As the Civil War in Nigeria ended in January 1970 and the Federal Military Government declared a general amnesty, it is found, under Article 1, section C(6) of the United Nations Convention, that the circumstances in connection with which respondent was found by the United Nations authorities in Belgium in 1969 to be a refugee, have ceased to exist. Since he has not come forward with any evidence to support his claim that he is a refugee (or that he is entitled to the temporary withholding of deportation pursuant to section 243(h) of the Immigration and Nationality Act, as amended), it is concluded that he is not a refugee and his deportation to Nigeria is sustained on the charge that following admission as a nonimmigrant visitor he remained longer than permitted (section 241(a)(2), Immigration and Nationality Act).

CHARGE:

Order: Act of 1952—Section 241(a)(2) [8 U.S.C. 1251(a)(2)]—Nonimmigrant visitor—
          —remained longer.

IN BEHALF OF RESPONDENT: Donald L. Ungar, Esquire
                          517 Washington Street
                          San Francisco, California 94111

This is an appeal from the December 23, 1974 decision of an immigration judge finding the respondent deportable as charged and directing his deportation to Nigeria, the country of his birth and former citizenship. The appeal will be dismissed.

The alien respondent, a native of Biafra, Nigeria, is stateless. He last entered the United States on October 24, 1970 as a nonimmigrant visitor authorized to remain in the United States until November 30, 1970. He held a Belgian travel document. When his request for an extension of temporary stay was denied, he was granted permission to depart voluntarily by January 11, 1971. On that date his voluntary departure privilege was revoked, and he was arrested but released on his own recognizance.

The respondent admitted all of the allegations in the order to show cause but, for the following reasons, denied that he was deportable. He lived in Belgium for four years before entering the United States. During that time, the official in charge of the delegation in Belgium of the United Nations High Commissioner for Refugees issued him a refugee certificate on January 6, 1969. The respondent contends that because it was determined that he was a refugee within the terms of the United Nations Convention Relating to the Status of Refugees by the delegation in Belgium of the United Nations High Commissioner, he is, on the basis of Articles 32 and 33 of of the Convention, not deportable.

Through counsel the respondent declined to designate a country to which he should be deported, should that become necessary. He similarly declined to apply for voluntary departure or withholding of deportation under section 243(h) of the Immigration and Nationality Act; however, he did indicate that he feared that he would be persecuted if he were to be deported to Nigeria or to Belgium.

Four years have elapsed since the respondent's original deportation hearing took place in March and April 1971. A decision in the case was postponed to afford the respondent's counsel time to prepare a brief supporting his claim that the respondent was not deportable, and to await our decision in *Matter of Dunar*, 14 I. & N. Dec. 310, (BIA, 1973). The respondent applied to the district director for political asylum but did not reply to Immigration and Naturalization Service requests that he appear for an interview. The immigration judge's decision was rendered on December 23, 1974.

The issues in this case are the following: (1) whether the respondent is a refugee, and (2) if he is, whether he is deportable.

The definition of the term "refugee" contained in Article 1 of the 1951 Convention Relating to the Status of Refugees,[1] as modified by the United Nations Protocol Relating to the Status of Refugees, reads, in pertinent part, as follows:

A. For the purpose of the present Convention, the term "refugee" shall apply to any person who:

* * * * *

(2) Owing to well-founded fear of being persecuted for reasons of race, religion, nationality, membership of a particular social group or political opinion, is outside the country of his nationality and is unable or, owing to such fear, is unwilling to avail himself of the protection of that country; or who, not having a nationality and being outside the country of his former habitual residence, is unable or, owing to such fear, is unwilling to return to it.

* * * * *

C. This Convention shall cease to apply to any person falling under the terms of section A if:

---

[1] This Convention became binding on the United States when it adhered to the 1967 Protocol Relating to the Status of Refugees, TIAS 6577, 19 U.S. Treaties (Part 5, 1968) 6223, which entered into force with respect to the United States on November 1, 1968.

\* \* \* \* \*

(6) Being a person who has no nationality he is, because the circumstances in connexion with which he has been recognized as a refugee have ceased to exist, able to return to the ccuntry of his former habitual residence. . . .

The respondent's refugee certificate is dated January 6, 1969. In anuary 1970 the Civil War in Nigeria ended and the Federal Military lovernment declared a general amnesty. In a case decided by the legional Commissioner in December 1971, only several months after he hearing in this case, a State Department communication was quoted s saying: "In January, 1970, at the conclusion of the war, the Federal filitary Government declared a general amnesty, invited Nigerians ving abroad to return, and announced a policy of reconciliation and eintegration of Nigerians (mostly Ibos) who had supported the secesion." The communication went on to say that there had been no evience of mass arrests, trials, imprisonments, or executions and that, espite some problems, there was ample evidence that the Federal filitary Government was sincerely interested in bringing about the eintegration of the Ibos, including former government officials. *Matter f Iregbulem*, 13 I. & N. Dec. 805, 806–807 (Reg. Com. 1971). Although here has been a change in the government of Nigeria since January 970, we are unaware of any policy changes affecting the treatment of ormer supporters of the Biafran secession.

Counsel contends that the United States is compelled to honor the nding of the delegation in Belgium of the United Nations High Comnissioner for Refugees, made in 1969, that the respondent is a refugee. Ve disagree. The United Nations Convention does not provide that a erson considered a refugee in one contracting nation must, for that eason, also be considered a refugee in the other contracting nations. Ve have nevertheless given sympathetic consideration to the determilation made in Belgium. However, we have also considered the circumstances under which that determination was made. We find, under Article 1, section C(6) of the United Nations Convention, *supra*, that he circumstances in connection with which the respondent was found y the United Nations authorities in Belgium to be a refugee have eased to exist.

The respondent has been given the time and the opportunity to ursue his claim that he is a refugee and therefore either is not deportale or is entitled to the temporary withholding of his deportation puruant to section 243(h) of the Act. He has not come forward with any vidence to support any of these claims except for the 1969 refugee ertificate. Whether he relies upon the United Nations Protocol and Convention Relating to the Status of Refugees or upon section 243(h) of he Immigration and Nationality Act, the burden is still his to establish hat he has a well-founded fear that his life or freedom will be

threatened in Nigeria on account of his race, religion, nationality, membership in a particular social group, or political opinion. *Matter of Dunar, supra.* He has not sustained his burden.

Upon the record before us, we conclude that the respondent is not a refugee. Moreover, we find, on the basis of the record before us, that the deportation hearing was far, and that deportability has been established by clear, convincing and unequivocal evidence. Accordingly, the following order will be entered.

**ORDER:** The appeal is dismissed.